UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAVIER FERNANDO SOCHA HERNANDEZ,

Petitioner,

v.

SERGIO ALBARRAN et al.,

Respondents.

No.  1:26-cv-01162-DAD-SCR

ORDER GRANTING PETITIONER'S HABEAS PETITION AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 5)

On February 9, 2026, petitioner filed a petition for writ of *habeas corpus*.  (Doc. No. 1.) On February 10, 2026, petitioner filed a motion for temporary restraining order.  (Doc. No. 5.) On February 11, 2026, the court issued an order directing respondents in their opposition to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable."  (Doc. No. 7.)

Respondents filed their opposition on February 11, 2026.  (Doc. No. 8.)  Respondents indicate therein that petitioner was arrested by San Pablo Police Department officers in 2025 for inflicting corporal injury on a spouse, cohabitant, or dating partner in violation California Penal

1

Code § 273.5(a).  (*Id.* at 2.)  Beyond petitioner's arrest, respondents concede that "there appears to be no substantive distinction between this case and other similar cases previously decided by the Court noted in its minute order such as *Cajina*[.]"  (*Id.*)  Respondents have indicated that they do not oppose converting the motion for temporary restraining order into a motion for preliminary injunction, and go as far as to "respectfully suggest that if the Court is inclined to grant a preliminary injunction, judicial economy counsels that the Court should go further and enter a final judgment granting the petition for writ of habeas corpus on the merits."  (*Id.*)

Petitioner is a citizen of Columbia who was arrested by Border Patrol agents shortly after he entered the United States on or about November 25, 2023 without inspection.  (Doc. Nos. 1 at ¶ 2; 8 at 6.)  Petitioner was subsequently issued an I-220A form and released from immigration custody on his own recognizance.  (Doc. No. 8 at 8–9.)  On or about July 10, 2025, petitioner was arrested by San Pablo Police Department for inflicting corporal injury on a spouse, cohabitant, or dating partner in violation of California Penal Code § 273.5(a).  (*Id.* at 15.)  Petitioner asserts, and respondents do not dispute, that no criminal charges have been filed in connection with petitioner's arrest.  (Doc. No. 1 at 5.)  Respondents concede that there "appears to be no disposition as to this charge." (*Id.* at 2 n.3.)  Petitioner has no  criminal convictions.  (*Id.* at 9.)  On November 24, 2025, when he appeared at a scheduled ICE check-in, petitioner was re-detained by immigration officials for being "in violation of the conditions of his release[.]"  (*Id.* at 9.)  There is no indication that petitioner was provided with prior notice or a hearing before he was re-detained.

Respondents argue that because petitioner entered the United States illegally, he is an "applicant for admission" which therefore subjects him to mandatory detention under 8 U.S.C. § 1225(b)(2).  (*Id.* at 1.)  Respondents further contend that "[p]etitioner's prior release in the discretion of DHS does not have the effect of having converted petitioner's presence in the United States into an 'admission.'"  (*Id.* at 3.)  The court finds these arguments unpersuasive and concludes that the reasoning set forth in the decision in *Cajina* is applicable to the present case

/////

/////

2

and incorporates it herein.  *See Cajina*, 2025 WL 3251083, at *2–3.  Therefore, the court concludes that petitioner's re-detention without a hearing violates due process.[1]

Accordingly, for the reasons explained above,

1.   Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.   Respondents are ORDERED to immediately release petitioner from respondents' custody under the same conditions he was subject to prior to his re-detention on November 24, 2025;

    b.   Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is a flight risk or danger to the community;

    c.   Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is denied without prejudice to renewal upon a properly noticed and supported motion;

    d.   Petitioner's request that the court enjoin respondents from transferring petitioner outside of this district or deporting him while these proceedings are pending is denied as having been rendered moot by this order.

2.   Petitioner's motion for temporary restraining order (Doc. No.5) is DENIED as having been rendered moot by this order;

/////

/////

/////

---

[1]  While the parties do not raise this point, the court notes that petitioner's arrest pursuant to § 273(a) of the California Penal Code does not subject him to mandatory detention under 8 U.S.C. § 1226(c). *M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *8 (C.D. Cal. Dec. 19, 2025) (explaining that an arrest for California Penal Code § 273.5(a) does not implicate § 1226(c) because it does not "constitute the essential elements of any crime that could result in serious bodily injury to another.").

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4.    The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:    **February 11, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE